IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MAFAYETTE FIELDS,

                        Plaintiff,

    v.

CAPTAIN ACHTENBERG, SCHUMANN,
CAPTAIN CANNENBURG,
UNIT MANAGER TYNES, COII CORDERO,
CO DEMPSEY, TIM DOUMA,
and COII HOLSCLAW,

                        Defendants.

OPINION & ORDER

14-cv-855-jdp

---

      Plaintiff Mafayette Fields, a prisoner in the custody of the Wisconsin Department of Corrections at the Columbia Correctional Institution, has filed a complaint alleging that he failed to receive due process at a conduct report hearing and that prison officials have retaliated against him for filing inmate grievances. Plaintiff has paid an initial partial payment of the filing fee for this lawsuit, as previously directed by the court.

      The next step is for the court to screen the complaint and dismiss any portions that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

      After considering plaintiff's allegations, I conclude that the complaint violates Rule 20 of the Federal Rules of Civil Procedure by joining claims together that do not belong in the same lawsuit. Accordingly, I will give plaintiff the opportunity to choose which claims he

wishes to pursue under this case number, and to decide whether he wishes to bring his other claims in a second lawsuit.

ALLEGATIONS OF FACT

Plaintiff Mafayette Fields is currently incarcerated at the Columbia Correctional Institution. The events relevant to this case took place while plaintiff was incarcerated at the New Lisbon Correctional Institution.

At some point in early 2014, plaintiff received a conduct report for possession of a contraband flash drive and lying. Although the committee hearing his case claimed to have video evidence of plaintiff plugging the flash drive into a computer, it would not allow plaintiff to see the evidence to prepare his defense. Nor did the committee make a formal finding that plaintiff should not be allowed to see the video for security reasons. Plaintiff was found guilty even though the other evidence showed that he could not have been in possession of the flash drive at the time in question. I take plaintiff to be saying that defendants Unit Manager Thynes and Captain Cannenberg were on the committee. Plaintiff filed an appeal but it was denied by defendant Warden Tim Douma.

In August 2014, plaintiff attempted to file a state court certiorari petition appealing the conduct report proceeding. Although plaintiff's allegations are somewhat difficult to decipher, he seems to be saying that he needed to either submit the filing fee or his trust fund account statement to the court. Defendant Schumann, who worked in "inmate accounts," instructed plaintiff that he needed to get approval for the submission of the fee or account statement from defendant Captain Achtenberg. However, once Achtenberg received plaintiff's request, he delayed sending the paperwork to the business office until after

plaintiff's deadline set by the court. Even after Achtenberg sent the documents to the business office, the documents were returned to plaintiff because "he did not have the documentation to have release funds used for PLRA payments." Plaintiff sent in his petition anyway, but it was rejected for filing by the court because his financial information was not included. Plaintiff believes that the certiorari petition would have been granted if he had been able to properly file it. Achtenberg failed to help plaintiff "to teach [him] a lesson" for filing previous inmate grievances connected to the conduct report.

Similarly, other prison officials retaliated against plaintiff for filing inmate grievances related to the conduct report. On June 1, 2014, defendant Correctional Officer Dempsey threw a roll of toilet paper at plaintiff. When plaintiff threw it back, he received a conduct report. On June 12, 2014, defendant Correctional Officer Holsclaw refused to give plaintiff his medication.

Plaintiff also states that defendant Correctional Officer Cordero gave him two conduct reports in retaliation for a 2012 grievance plaintiff filed (plaintiff does not explain what that grievance was about). On June 2, 2014, plaintiff received a conduct report from Cordero for "group resistance" for merely filing a grievance against defendant Dempsey and asking for a copy of DOC "work rules" describing how an inmate could properly file a grievance. On October 23, 2014, Cordero gave plaintiff a conduct report after plaintiff asked her to be quiet in the prison library and then refused to make eye contact with her.

ANALYSIS

Plaintiff has alleged several constitutional violations against defendants. However, he cannot proceed on all of his claims in this lawsuit because they are not sufficiently closely

related to each other. Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants in the same lawsuit. Defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007). Plaintiff brings claims that belong in two separate lawsuits:

> Lawsuit No. 1: various defendants violated plaintiff's due process rights at his conduct report hearing and then retaliated against plaintiff for filing grievances about the conduct report.
>
> Lawsuit No. 2: defendant Cordero retaliated against plaintiff for a 2012 grievance plaintiff filed.

I will give plaintiff a short time to respond to this order by explaining which of these two lawsuits he wishes to pursue under this case number. After plaintiff has informed the court of his choice, I will treat the portion of his complaint pertaining to those claims as the operative pleading, and will screen the claims he has chosen. If plaintiff also wishes to proceed on the set of claims he does not choose for this lawsuit, he should inform the court of that fact, but he will then owe the court a separate filing fee for the second lawsuit.

ORDER

IT IS ORDERED that plaintiff Mafayette Fields may have until July 13, 2016, to identify for the court which claims he wishes to pursue under this case number, and whether he wishes to pursue his other set of claims in a new lawsuit.

Entered June 22, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge