IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MAFAYETTE FIELDS,

                Plaintiff,

    v.

CAPTAIN ACHTENBERG,
CAPTAINCANNENBURG, UNIT MANAGER
TYNES, and TIM DOUMA,

                Defendants.

ORDER

14-cv-855-jdp

---

    Plaintiff Mafayette Fields, a prisoner at the Oshkosh Correctional Institution, is proceeding on claims that prison officials failed to give him due process at a conduct report hearing, retaliated against him for filing inmate grievances, and denied him access to the courts. After defendants filed their answer, Fields filed a motion to strike several of defendants' affirmative defenses, including qualified immunity, sovereign immunity, and failure to exhaust administrative remedies.[1] Dkt. 24.

    Generally, motions to strike are disfavored because they potentially serve only to delay. *Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). As the moving party, Fields has the burden to show "that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Kaufman v.*

---

[1] Defendants state that they should not have labeled their challenged defenses as "affirmative defenses," but this is incorrect for at least some of the defenses discussed in this order. *See e.g.*, *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) ("exhaustion is an affirmative defense"); *Sung Park v. Indiana Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012) ("sovereign immunity is a waivable affirmative defense"); *Jewett v. Anders*, 521 F.3d 818, 823 (7th Cir. 2008) ("Qualified immunity is an affirmative defense.").

*McCaughtry*, No. 03-cv-27, 2003 WL 23095690, at *1 (W.D. Wis. May 22, 2003) (internal citations and quotations omitted). Because Fields fails to meet this burden, I will deny his motion.

Fields's arguments on all of these defenses are either that his allegations show that those defenses will fail, or that he disagrees with defendants' position that the defenses will apply. But a motion to strike should "not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense," *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal quotations omitted). The parties have yet to litigate potential factual disputes over the events at issue, and I cannot say as a matter of law that the defenses do not apply to the facts of this case. Each could reasonably apply depending on how the record is developed, and in their brief, defendants have provided an explanation how each could apply. So Fields is on notice about what defendants are likely to argue as the case proceeds. Although I will deny Fields's motion, he loses next to nothing with this ruling. He remains free to rebut defendants' arguments about these defenses as the case moves forward.

ORDER

IT IS ORDERED that plaintiff Mafayette Fields's motion to strike defendants' affirmative defenses, Dkt. 24, is DENIED.

Entered May 5, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge